Filed 1/9/24  P. v. Nguyen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>DAVIS NGUYEN,<br><br>      Defendant and Appellant. | C098289<br><br>(Super. Ct. No. 07F09493) |

Defendant Davis Nguyen appeals from the trial court's denial of his petition for resentencing under Penal Code section 1172.6.[1]  Appointed counsel for defendant asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal, and defendant has filed a supplemental brief.  (*People v.*

---

[1]      Undesignated statutory references are to the Penal Code.  Defendant filed his petition under former section 1170.95.  Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) amended section 1170.95, effective January 1, 2022.  Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  This opinion refers to section 1172.6.

*Wende* (1979) 25 Cal.3d 436; *People v. Delgadillo* (2022) 14 Cal.5th 216.)  We have considered defendant's supplemental brief and affirm.

## BACKGROUND

In 2009, a jury found defendant guilty of attempted murder and being a felon in possession of a firearm.  In connection with the attempted murder verdict, the jury found true that defendant personally discharged a firearm causing great bodily injury.  Defendant was sentenced to consecutive determinate terms for the substantive offenses, enhanced with a consecutive indeterminate term of 25 years to life.  This court affirmed the judgment.  (*People v. Nguyen* (Aug. 5, 2010, C062265) [nonpub. opn.].)

In November 2022, defendant filed a petition for resentencing under section 1172.6.  Defendant alleged he was convicted of attempted murder under the natural and probable consequences doctrine and could not be so convicted today.

The trial court conducted a prima facie hearing and then filed a written order denying the petition.  The trial court found defendant ineligible for relief because the jury was not instructed on the felony-murder rule or natural and probable consequences doctrine.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's appointed counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief, and he has done so.

Our Supreme Court has considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required.  (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  Our Supreme Court laid out applicable procedures for such cases saying, where, as here, a defendant has filed a supplemental brief, "the Court of Appeal is

2

required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Id.* at p. 232.)

In his supplemental brief, defendant raises three contentions. First, he contends his petition should have been granted because he did not intend to kill anyone and shot only in the heat of the moment. Second, he contends the firearm enhancement was unwarranted, and the trial court had the authority to "lower" the enhancement under section 1385. Third, he contends the "restitution fee" should be reduced and he was never afforded a hearing on his ability to pay under *People v. Dueñas* (2019) 30 Cal.App.5th 1157.

To defendant's first contention, the jury was instructed with CALCRIM No. 600 on attempted murder requiring the People to prove that defendant intended to kill. So instructed the jury necessarily found that defendant intended to kill in rendering a guilty verdict for attempted murder. (*People v. Coley* (2022) 77 Cal.App.5th 539, 547-548.) We acknowledge that recently the California Supreme Court in *People v. Curiel* (2023) 15 Cal.5th 433 (*Curiel*) held that a trial court may consider a jury's finding of intent to kill in determining whether a section 1172.6 petitioner can state a prima facie case for relief, but that finding does not conclusively establish that the petitioner is ineligible for relief. (*Curiel,* at p. 440.) In *Curiel*, the jury found true a gang murder special circumstance, which required the prosecution to prove that the defendant intended to kill. (*Id.* at p. 445.) The jury in *Curiel* also was instructed on aiding and abetting based on the natural and probable consequences doctrine. (*Id.* at p. 446.) The enactment of Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015 § 4) (Senate Bill 1437) "narrowed or eliminated certain forms of accomplice liability for murder," including "the use of the natural and probable consequences doctrine to obtain a murder conviction." (*Curiel,* at p. 440.)

3

Senate Bill 1437 established section 1172.6 as a mechanism for persons convicted on an invalid theory such as the natural and probable consequences doctrine to petition for recall and resentencing. (*Curiel, supra,* 15 Cal.5th at p. 449) However, direct aiding and abetting remains a valid theory. (*Ibid.*) But intent is only one element of a theory of liability that remains valid after the enactment of Senate Bill 1437. (*Ibid*.) "A finding of intent to kill does not, standing alone, cover all the required elements. It does not itself show that a petitioner . . . is liable for murder under any valid theory." (*Id.* at p. 463)

We conclude *Curiel* does not aid defendant in this case. Here, the jury was not instructed on the natural and probable consequences doctrine. Where the jury was not instructed on a theory made invalid by Senate Bill 1437, the petitioner is ineligible for relief as a matter of law. (*People v. Allen* (2023) 97 Cal.App.5th 389, 395, petn. for review pending, petn. filed Dec. 1, 2023, S282899; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

To defendant's second contention, unlike section 1172.6, there is no procedure under section 1385 to reopen sentencing proceedings. Further, the trial court properly ruled that defendant was not entitled to resentencing under section 1172.6, because the jury was not instructed on the natural and probable consequences doctrine. So the trial court had no occasion to apply section 1385.

To defendant's third contention, for the same reason, the trial court was not called upon to address defendant's fees under *People v. Dueñas, supra*, 30 Cal.App.5th 1157.

Having addressed the specific contentions raised in defendant's supplemental brief, our review is complete. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

 /s/                           
MESIWALA, J.

We concur:

 /s/                           
MAURO, Acting P. J.

 /s/                           
DUARTE, J.

5